J-S83029-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ROBERT LEON KUCH | : | |
| | : | |
| Appellant | : | No. 850 EDA 2017 |

Appeal from the Judgment of Sentence March 7, 2017
In the Court of Common Pleas of Chester County Criminal Division at
No(s):  CP-15-CR-0000549-2016


BEFORE:  GANTMAN, P.J., OLSON, J., and DUBOW, J.

MEMORANDUM BY OLSON, J.:                    **FILED FEBRUARY 13, 2018**

Appellant, Robert Leon Kuch, appeals from the judgment of sentence entered on March 7, 2017.  We affirm.

The trial court ably summarized the underlying facts and procedural posture of this case.  As the trial court explained, viewing the evidence in the light most favorable to the Commonwealth as the verdict winner, the following facts were established during Appellant's bench trial:

> [On August 24, 2015, at approximately 6:46 p.m., Appellant] was seen turning right onto the roadway, driving over the curb as he turned.  When attempting to turn left, [Appellant] cut his turn short and nearly struck another vehicle.  [Appellant's] vehicle thereafter struck a guardrail where two [] pedestrians were walking.  If the guardrail [were] not there, the pedestrians would have been hit. Appellant struck the guardrail several more times after that, and only stopped when his vehicle became disabled.  He then exited his car, which was blocking traffic, and he attempted to get into another vehicle.  He did not know the other driver, but he asked him to drive him home.  The

other driver was already on the phone with the police. When the police arrived, they made contact with [Appellant]. He was swaying, stumbling and lurching, and he had to be assisted so that he did not fall over. His eyes kept closing and his speech was slurred. The police officer could smell alcohol coming from his breath. He was asked to perform field sobriety tests, which he failed. He had to be assisted by the officers to keep from falling. He was so intoxicated, [he] did not recall hitting anything with his car.

. . .

Following a non-jury trial on August 25, 2016, [Appellant] was found guilty of one [] count of driving under the influence of alcohol (75 Pa.C.S.A. § 3802(a)(1) (hereinafter "DUI"). He was also found to have been involved in an accident resulting in damage to a vehicle or other property pursuant to 75 Pa.C.S.A. § 3803(b)(1). . . . This was [Appellant's] eighth conviction for DUI. Sentencing was deferred several times, but on March 7, 2017, [Appellant] was sentenced to [serve three to six months in jail].

Trial Court Opinion, 9/13/17, at 1 and 6 (some internal capitalization omitted).

Appellant filed a timely notice of appeal from his judgment of sentence. He now raises four claims to this Court:[1]

[1.] Was Appellant deprived of his right to a fair trial before an impartial fact-finder where the [trial] court failed to colloquy Appellant to ensure that he understood that he had the right to request a recusal where the trial court knew both that Appellant had previously pled guilty to the

_____

[1] The trial court ordered Appellant to file and serve a concise statement of errors complained of on appeal, pursuant to Pennsylvania Rule of Appellate Procedure 1925(b). Appellant complied and, within his Rule 1925(b) statement, Appellant raised the same claims that he currently lists on appeal.

charged offenses and that Appellant had an extensive criminal record for DUI-related offenses?

[2.] Was trial counsel ineffective for failing to request that the trial court recuse itself in light of the fact that the court knew that Appellant had previously pled guilty to the charged offense and was also aware that Appellant had an extensive criminal record for DUI-related offenses?

[3.] Was the evidence sufficient to support a finding that Appellant had been involved in an accident within the meaning of 75 Pa.C.S.A. § 3803(b)(1) where Appellant's vehicle did not strike any other person or vehicle?

[4.] Even if the evidence supported a finding that Appellant was involved in an accident, was the evidence sufficient to show that the accident resulted in damage to a vehicle or other property as required by 75 Pa.C.S.A. § 3803(b)(1)?

Appellant's Brief at 5 (some internal capitalization and emphasis omitted).[2]

Appellant first claims that he was denied his right to a fair trial because the trial court "failed to colloquy Appellant to ensure that he understood that he had the right to request a recusal" of the trial court judge.[3] **Id.** This claim fails.

_____

[2] For ease of discussion, we have re-numbered Appellant's claims on appeal.

[3] Within the argument section of Appellant's brief, Appellant also claims that the trial court judge erred when he did not voluntarily recuse himself as the judge in Appellant's case. **See** Appellant's Brief at 11. Appellant did not raise this particular claim in his Rule 1925(b) statement and the claim is not "fairly suggested" by Appellant's Pennsylvania Rule of Appellate Procedure 2116(a) statement of questions involved on appeal. Therefore, Appellant has waived this particular claim on appeal. **See** Pa.R.A.P. 1925(b)(4)(vii) ("[i]ssues not included in the [Rule 1925(b)] Statement . . . are waived"); Pa.R.A.P. 2116(a) ("[n]o question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby").

As Appellant notes:

> On June 3, 2016, [Appellant] appeared before the Honorable Patrick C. Carmody of the Chester County Court of Common Pleas and pled guilty to violating 75 Pa.C.S.A. § 3802(b), [DUI] (high rate of alcohol). At that time, Judge Carmody learned that [Appellant] had a [blood alcohol content] over the legal limit as the facts were incorporated into the record. Appellant subsequently withdrew his plea after the United States Supreme Court [issued] **Birchfield v. North Dakota**, 136 S.Ct. 2160 (2016).

Appellant's Brief at 10 (some internal capitalization omitted).

After the trial court permitted Appellant to withdraw his guilty plea, Appellant proceeded to a bench trial before Judge Carmody. At the beginning of the trial, Judge Carmody specifically asked whether Appellant would like him to recuse – and Appellant said no. The exchange occurred as follows:

> [Trial Court]: Procedurally, if I can remember, this is [Appellant's case]. . . . Couple things happened in this case.
>
> You had a guilty plea. It was withdrawn because of I guess the **Birchfield** decision, and I can disregard that. Your attorney filed a sentencing memorandum on the case, which I read briefly. You have those different matters, plus the fact that I didn't – I haven't heard the evidence. I'll be a blank slate, but I did previously read something about vanilla extract and made a comment to [your attorney] that didn't seem to be much of a defense in a DUI.
>
> Do you have a problem [with] me sitting over this nonjury case, or do you have any problem [with] me being on the bench? Why don't you talk to [your attorney]?
>
> [Appellant]: Yes, no problem.

N.T. Trial, 8/25/16, at 3-4.

- 4 -

Appellant claims that the trial court "failed to colloquy Appellant to ensure that he understood that he had the right to request a recusal" of the trial court judge. At the outset, Appellant has cited no law – and we have found none – that requires a trial court to colloquy a defendant "to ensure that he underst[ands] that he [has a] right to request a recusal" of the trial court judge. **See** Appellant's Brief at 10-16. Therefore, Appellant's first claim on appeal immediately fails.

Further, and alternatively, Appellant simply cannot claim that he was not adequately colloquied on his right to have the trial court judge recuse himself, when the judge specifically told Appellant that he heard Appellant's prior guilty plea and then asked whether Appellant wished for him to recuse. Appellant's claim to the contrary finds no support in the record and thus fails.

Next, Appellant claims that his trial counsel was ineffective for failing to request that the trial court judge recuse himself from the case. Appellant's Brief at 5. We may not consider the merits of Appellant's claim.

Our Supreme Court has explained that, except in very limited circumstances, "claims of ineffective assistance of counsel are to be deferred to [post-conviction collateral] review; trial courts should not entertain claims of ineffectiveness upon post-[sentence] motions; and such claims should not be reviewed upon direct appeal." **Commonwealth v. Holmes**, 79 A.3d 562, 576 (Pa. 2013). One limited circumstance in which ineffectiveness claims can be reviewed on direct appeal is when a defendant is serving a

sentence so short that he or she would likely be ineligible for relief under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. § 9541-9546. ***See id.*** at 578. For this exception to apply, however, the trial court must determine that unitary review is appropriate when ruling on the defendant's post-sentence motion. ***See id.*** In this case, Appellant did not file a post-sentence motion and the trial court never determined that unitary review was appropriate in this case. Moreover, Appellant did not execute a document waiving his right to seek PCRA relief and did not engage in an on-the-record waiver colloquy as required by ***Holmes***. ***See id.*** at 580. As such, we may not consider the merits of Appellant's ineffectiveness claim.

For Appellant's final two claims on appeal, Appellant contends that the evidence was insufficient to support his conviction under 75 Pa.C.S.A. § 3803(b)(1) (regarding a DUI "where there was an accident resulting in . . . damage to a vehicle or other property"). Appellant's Brief at 17-23. Specifically, Appellant claims, there is insufficient evidence to establish that there was an "accident" or that there was "damage to a vehicle or other property." ***Id.*** We will consider Appellant's claims together; the claims, however, fail.

With respect to any sufficiency of the evidence claim:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence

and substitute our judgment for [that of] the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Brown*, 23 A.3d 544, 559-560 (Pa. Super. 2011) (*en banc*) (internal quotations and citations omitted).

Appellant was convicted of violating 75 Pa.C.S.A. § 3803(b)(1), which concerns a DUI "where there was an accident resulting in . . . damage to a vehicle or other property." Section 3803(b)(1) declares:

An individual who violates section 3802(a)(1) [(DUI (general impairment))] where there was an accident resulting in bodily injury, serious bodily injury or death of any person or in damage to a vehicle or other property, . . . commits a misdemeanor for which the individual may be sentenced to a term of imprisonment of not more than six months and to pay a fine under section 3804.

75 Pa.C.S.A. § 3803(b)(1).

Appellant claims that the evidence was insufficient to support his Section 3803(b)(1) conviction. In particular, Appellant claims, there was no evidence to support the conclusion that he was involved in "an accident resulting in . . . damage to a vehicle or other property" because his actions

"resulted in no damage to the curb or guardrail."[4] Appellant's Brief at 20. The claims fail.

Pennsylvania's Motor Vehicle Code does not define the term "accident." *See* 75 Pa.C.S.A. §§ 102 and 3801. Nevertheless, as our Supreme Court has held: "[g]enerally, an accident is an 'unintended . . . injurious occurrence.' BLACK'S LAW DICTIONARY 15 (8th ed. 2004). In the relevant realm of vehicle law, the breadth of the term encompasses any untoward and unintended contact between a vehicle and something else." *Commonwealth v. Wisneski*, 29 A.3d 1150, 1153 (Pa. 2011). The Vehicle Code does, however, define the term "vehicle." In relevant part, the term "vehicle" means: "[e]very device in, upon or by which any person or property is or may be transported or drawn upon a highway, except devices used exclusively upon rails or tracks." 75 Pa.C.S.A. § 102.

In the case at bar, Appellant was clearly involved in an "accident resulting in . . . damage to a vehicle." 75 Pa.C.S.A. § 3803(b)(1). Indeed, the evidence establishes that, while intoxicated, Appellant drove so erratically that multiple witnesses reported him to the police. N.T. Trial, 8/25/16, at 13, 20-21, 52-53, 79-80, and 107-108. Further, the evidence establishes that Appellant almost struck one vehicle, swerved, and then

---

[4] Appellant does not claim that the evidence was insufficient to support the conclusion that he violated 75 Pa.C.S.A. § 3802(a)(1) (DUI-general impairment).

drove his vehicle up onto the sidewalk and down onto the road four separate times – striking the guardrail at least twice – until he damaged the suspension and axle of his vehicle so severely that his vehicle became disabled and inoperable. *Id.* at 25, 69, 91-92, 95, 108, and 110.

Therefore, and plainly, there was sufficient evidence to establish "an accident resulting in . . . damage to a vehicle" because the evidence establishes that there was: "unintended contact between [Appellant's] vehicle and something else" (here, it was the curb and guardrail), which "result[ed] in . . . damage to a vehicle" (here, it was Appellant's own vehicle). 75 Pa.C.S.A. § 3803(b)(1); *Wisneski*, 29 A.3d at 1153; 75 Pa.C.S.A. § 102. As such, Appellant's sufficiency of the evidence claims fail.

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:2/13/18

- 9 -